**Ronald O. RANDALL, Petitioner–Appellant,**

v.

**Gene M. JOHNSON, Director of the Virginia Department of Corrections, Respondent–Appellee.**

No. 03–6503.

United States Court of Appeals, Fourth Circuit.

Submitted June 30, 2003.

Decided July 11, 2003.

Ronald O. Randall, Appellant Pro Se. Hazel Elizabeth Shaffer, Assistant Attorney General, Richmond, Virginia, for Appellee.

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Ronald O. Randall seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on his petition filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1040, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.), *cert. denied,* 534 U.S. 941, 122 S.Ct. 318, 151 L.Ed.2d 237 (2001). We have independently reviewed the record and conclude that Randall has not made the requisite showing.* Accordingly, we deny a certificate of

---

* We find that Randall has waived appellate
review of all claims, except for the district

appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

court's disposition of his prosecutorial misconduct claim, by failing to file specific objections to the magistrate judge's recommendation after receiving proper notice of the

consequences of failure to object. *See Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir. 1985); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).